

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 5, 2012

The Honorable Robert F. Deuell, M.D.        Opinion No. GA-0972
Chair, Committee on Nominations
Texas State Senate                          Re: Authority of an employer to ban the transport
Post Office Box 12068                       and storage of handguns by concealed handgun
Austin, Texas 78711-2068                    license holders in locked private vehicles on
                                            employee parking lots (RQ-1061-GA)

Dear Senator Deuell:

You pose several questions about an employer's authority to prohibit employees with concealed handgun licenses from storing firearms in personal vehicles in the employer's parking lots.[1] Your questions concern provisions in chapter 52, subchapter G, of the Labor Code that were added in the Eighty-second Legislative session.[2] Section 52.061 provides that an "employer may not prohibit an employee who holds a license to carry a concealed handgun[3] . . . who otherwise lawfully possesses a firearm, . . . from transporting or storing a firearm . . . in a locked, privately owned motor vehicle in a parking lot, parking garage, or other parking area the employer provides for employees." TEX. LAB. CODE ANN. § 52.061 (West Supp. 2012) (footnote added). Subsection 52.062(a)(1) provides that section 52.061 does not authorize a concealed handgun licensee "to possess a firearm . . . on any property where the possession of a firearm . . . is *prohibited by state or federal law*." *Id.* § 52.062(a)(1) (emphasis added). Given subsection 52.062(a)(1), you first ask, "[C]an an employer still ban the transport and storage of handguns in locked private vehicles by employees with [c]oncealed [h]andgun [l]icenses in employee parking areas by posting notice authorized by [subsection 30.06(c)(3)(B) of the Penal Code]? In other words, would firearms be considered 'prohibited by state law' in this circumstance?" Request Letter at 1.

"The cardinal rule of statutory construction is to ascertain and give effect to the Legislature's intent." *Klein v. Hernandez*, 315 S.W.3d 1, 6 (Tex. 2010). We interpret the statute according to its

---

[1]*See* Letter from Honorable Robert F. Deuell, M.D., Chair, Senate Nominations Comm., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (May 7, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]*See* Act of May 27, 2011, 82d Leg., R.S., ch. 1058, 2011 Tex. Gen. Laws 2723, 2723–25 (Senate Bill 321, codified at TEX. LAB. CODE ANN. §§ 52.061–.064 (West Supp. 2012)).

[3]Subchapter H, chapter 411, Government Code, is the statute pertaining to licenses to carry concealed handguns. *See* TEX. GOV'T CODE ANN. §§ 411.171–.208 (West 2012).

plain language and must read the statute as a whole without giving effect to certain provisions at the expense of others. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

We first consider the language of subsection 52.062(a)(1). The term "state law" is undefined in chapter 52. *See* TEX. LAB. CODE ANN. §§ 52.001–.064 (West 2006 & Supp. 2012). Provisions outside of the Labor Code do offer definitions of the term "law." Common to these definitions is the inclusion of a constitution, or a state or federal statute. *See, e.g.*, TEX. GOV'T CODE ANN. § 554.001(1) (West 2012) (defining the term "law"). Some definitions also include a "rule adopted under a statute or ordinance." TEX. GOV'T CODE ANN. § 554.001(1)(C) (West 2012) (defining the term "law"); *accord* TEX. PENAL CODE ANN. § 1.07(a)(30) (West Supp. 2012); TEX. LOC. GOV'T CODE ANN. § 361.021 (West 2005).

Under section 30.06 of the Penal Code, a property owner may under certain circumstances prohibit concealed handgun license ("CHL") holders from exercising their right to carry a concealed firearm. *See* TEX. PENAL CODE ANN. § 30.06(a) (West 2011). Subsection 30.06(a) of the Penal Code creates the offense of trespass by a holder of a CHL. *See id.* Subsection 30.06(a) provides that a CHL holder commits an offense if the CHL holder, *with notice* that entry on the property with a concealed handgun was forbidden, carries a concealed handgun on another's property without effective consent. *See id.* Property owners must notify CHL holders either orally or by posting a sign that conforms with subsection 30.06(c) of the Penal Code. *See id.* §§ 30.06(b) (providing that notice can be oral or written), 30.06(c)(3) (providing requirements for written notice). However, while section 30.06 allows property owners to post a notice that operates as a prohibition on the possession of concealed handguns, the statute itself does not prohibit possession of a firearm. *See id.* § 30.06(a). We conclude that an employer's notice under subsection 30.06(c)(3)(B) does not constitute "state law" and therefore cannot overcome the protections afforded to CHL holders by section 52.061.

To construe section 52.062 differently would require that the courts ignore section 52.061, which the Legislature enacted to expressly limit an employer's authority to prohibit employees from storing firearms in vehicles that are parked in an employer-owned parking lot. *See* TEX. GOV'T CODE ANN. § 311.023(5) (West 2005) (providing that in construing statutes, courts may consider the consequences of a particular construction). Under the rules of statutory construction, the courts would not ascribe to the Legislature an intent to authorize through the use of one section of a bill something that is expressly prohibited in another section of the very same bill. *See id.* § 311.021(2) (stating the presumption that the Legislature intends an entire statute to be effective), *Tex. Lottery Comm'n v. First State Bank of DeQueen.*, 325 S.W.3d 628, 637 (Tex. 2010) ("Courts 'do not lightly presume that the Legislature may have done a useless act.'") (citation omitted).

For these reasons, we conclude that the exception set out in subsection 52.062(a)(1) does not include a notice posted under the authority of section 30.06. Accordingly, under section 52.061 of the Labor Code, an employer may not ban the transport and storage of firearms in locked private vehicles by employees with concealed handgun licenses in employee parking areas by posting notice under section 30.06 of the Penal Code.

Citing two federal laws, you next ask about the authority of employers who are required "to . . . enact facility security plans . . . in accordance with federal standards." Request Letter at 1. You indicate that some "employers claim that if their [facility security plans] ban firearms in employee parking lots and are approved by [federal officers, then section 52.061] would not apply because firearms would then be 'prohibited by . . . federal law[,]'" and you ask "[a]re such claims of preemption valid?" *Id.* at 2–3. The federal laws you raise are the Maritime Transportation Security Act (MTSA) and the Chemical Facility Anti-Terrorism Standards (CFATS), regulations promulgated by the Department of Homeland Security. *See* 46 U.S.C.A. §§ 70101–70121 (West 2007 & Supp. 2012) (MTSA), 6 C.F.R. §§ 27.100–.410 (2012) (CFATS). Both laws require a covered facility to initiate a facility security plan and submit the security plan to the appropriate federal officer for approval. *See* 46 U.S.C.A. §§ 70103(c), 70103(c)(4)(C) (West 2007); 6 C.F.R. §§ 27.215, 27.225, 27.245(a) (2012). You essentially inquire whether these facility security plans equate to "federal law" that would preempt section 52.061. *See* Request Letter at 1–2.

"Congress derives its power to preempt state law under the Supremacy Clause in Article VI of the United States Constitution." *Ramsey Winch Inc. v. Henry*, 555 F.3d 1199, 1204 (10th Cir. 2009). A federal statute may preempt state law (1) explicitly; (2) impliedly, where federal legislation occupies the entire field of regulation and leaves no room for state law; or (3) where there is actual conflict between state law and a federal statute such that the state law acts as an obstacle to the objectives of Congress. *See Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516–17 (1992). However, courts begin with the "assumption that the historic police powers of the States [are] not to be superseded by. . . [a] Federal Act unless that [is] the clear and manifest purpose of Congress." *Id.*; *see also MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 487 (Tex. 2010) ("presumption is particularly strong" when Congress acts in a field traditionally occupied by the States).

Federally approved facility security plans do not equate to federal law that would preempt section 52.061. Under the Supremacy Clause, it is either "a law passed by Congress—acting within its enumerated powers—and signed by the President" or "[f]ederal regulations properly adopted by an agency acting within its congressionally delegated authority" that act to preempt a contrary state law. *Hinton*, 329 S.W.3d at 481–82. A facility security plan initiated by a facility, even if mandated by federal law and approved by federal officials, is not a congressional enactment or agency regulation. Moreover, a facility security plan is created by the facility and cannot evidence any clear and manifest intent by Congress to preempt state law.

Your third question asks about the legal options available to employees whose employers violate section 52.061. *See* Request Letter at 2. Neither section 52.061 nor any other statute of which we are aware provides a specific remedy for employees. Despite the lack of a statutory remedy, an aggrieved employee may, depending on the circumstances, have the ability to sue an offending employer under the Uniform Declaratory Judgments Act, which provides a mechanism for district courts to determine the parties' legal rights and obligations under a statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-011 (West 2008). You also ask whether the Attorney General's Office or another state agency may seek corrective action against an employer who violates section 52.061. *See* Request Letter at 2. The Legislature has not authorized this office or any other state agency to take such action.

### S U M M A R Y

An employer subject to section 52.061 of the Labor Code may not ban the transport and storage of handguns in locked private vehicles by employees with concealed handgun licenses in employee parking areas by posting the notice authorized by section 30.06 of the Penal Code.

A federally approved facility security plan under either the Maritime Transportation Security Act or the Chemical Facility Anti-Terrorism Standards is not federal law that would preempt section 52.061 of the Labor Code.

No statute of which we are aware provides a specific remedy for employees whose employers violate section 52.061. And the Legislature has not authorized this office or any other state agency to take corrective action. Despite the lack of a statutory remedy, an aggrieved employee may, depending on the circumstances, have the ability to sue an offending employer under the Uniform Declaratory Judgments Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee